

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00102-CV

**IN THE INTEREST OF A.D.S.** and J.P.S., Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA00151
Honorable Richard Garcia, Judge Presiding

Opinion by:       Rebeca C. Martinez, Justice

Sitting:           Sandee Bryan Marion, Chief Justice
                  Karen Angelini, Justice
                  Rebeca C. Martinez, Justice

Delivered and Filed:  August 2, 2017

AFFIRMED

Appellant K.L.R. appeals the trial court's order terminating her parental rights to her children, A.D.S. and J.P.S. In four issues, Appellant contends the evidence was legally and factually insufficient to support the trial court's findings with regard to the three statutory grounds for termination and its finding that termination was in the children's best interest. We affirm the trial court's order.

### BACKGROUND

The Department of Family and Protective Services ("the Department") filed its original petition for conservatorship of the two children and for termination of their parents' parental rights on January 22, 2016. The termination hearing commenced on November 14, 2016.

The State first called the Department caseworker, Jerred Moore, who had been assigned to the case since June 2016. Moore testified that A.D.S. was three years old and J.P.S. was a year old. The Department became involved with the family when a drug raid was conducted on the family home. At that time, Appellant and her boyfriend, the children's father, were arrested. Drugs and guns were found in the home, which Moore described as filthy with flies everywhere. He stated that the children were also very dirty. The children were also found to have dental cavities and were behind on their immunizations. Appellant tested positive for cocaine and marijuana and admitted to smoking marijuana as a coping mechanism.

Moore stated that in order to regain custody of her children, Appellant was required to engage in drug treatment, parenting classes, and individual counseling, as well as undergo a psychological evaluation. Appellant did not complete out-patient drug treatment. She was asked to drug test multiple times; she tested positive on two occasions, but refused to test on many more occasions. Appellant also failed to attend Narcotics Anonymous classes as required. Appellant attended weekly counseling sessions, but according to Moore, she did not complete counseling and no progress was made. Appellant did complete the psychological evaluation; Moore did not know the outcome, except to say that continued therapy and parenting classes were recommended. Moore stated that the Department hoped Appellant would learn to stop the behavior that led to the children being removed in the first place, including her drug usage and her boyfriend's gang affiliation, and to be able to take care of her children on her own. Moore did not believe that Appellant came close to meeting that goal because she continues to test positive for drugs and blames the Department and family members for her actions. In addition, she is currently on probation and is not in compliance with the terms of her probation. Finally, she had not proven to Moore that she was living where she said she was living and had not provided a lease for him to see.

Moore stated that Appellant had given him a notarized letter she wrote to the court indicating that she loved her children, but that she recognized she could no longer take care of them, and that she has tried to get her life together and has succeeded minimally on and off, but ultimately, her children have suffered from her actions. She also stated that she wanted her children to live in a safe and loving home and that she could not provide that for her children. During cross-examination, Appellant's attorney informed the court that the letter was written at a time when the parties were attempting to mediate and that Appellant intended to revoke the letter. Appellant's attorney also informed the court that Appellant was on deferred adjudication for a drug charge and that the State had filed a motion to adjudicate and that there was an active warrant for her arrest; he implied that Appellant would benefit from much needed in-patient drug treatment while in custody for six to nine months.

According to Moore, Appellant often missed visits with her children; many times it was due to her refusal to drug test. The children were currently living with their paternal great-aunt, who was willing to adopt the children if parental rights were terminated. The children were very bonded to their great-aunt and she was able to meet their needs. On cross-examination, Moore stated that Appellant had threatened the great-aunt and her family via Facebook and phone calls, stating she would "shoot up the home" or "mess up their home." Moore stated it would be in the best interest of the children to have Appellant's parental rights terminated.

The next witness was the original caseworker, Krystal Tipton. Tipton testified that Appellant failed drug treatment and tested positive for drugs after failing drug treatment. Tipton again referred Appellant to drug treatment services but Appellant did not follow through. Tipton explained that Appellant did not receive in-patient drug treatment because Appellant gave the providers lots of trouble, and was confrontational with them upon discharge from outpatient treatment; also, she refused to drug test. Tipton stated that Appellant missed several visits with

the children during the case. Tipton did not believe Appellant made the changes she needed to make to regain custody of the children and she recommended Appellant's parental rights be terminated. Tipton believed the children were currently living in a good, safe, and appropriate home.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2016); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* "A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in

favor of its finding." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

## STATUTORY TERMINATION GROUNDS

Appellant first challenges the sufficiency of the evidence to support the trial court's findings with regard to the following three statutory grounds for termination: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children; *see* TEX. FAM. CODE ANN. § 161.001(b)(1)(D); (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; *see id.* at § 161.001(b)(1)(E); and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children. *See id.* at § 161.001(b)(1)(O).

Based on the testimony presented, the trial court could have formed a firm belief or conviction that Appellant failed to comply with the Department's family service plan. On appeal, Appellant does not dispute the fact that she failed to complete her service plan but rather, argues the Department failed to prove the children were removed due to abuse or neglect. We disagree. At trial, evidence was presented that the children were in the family home when a police raid was conducted resulting in the discovery of drugs and guns. The children were dirty and the house was filthy, and Appellant tested positive for cocaine and marijuana at the time the children were removed. Based on this undisputed evidence, we conclude the children were removed due to abuse

or neglect. *See, e.g., In re S.N.*, 272 S.W.3d 45, 52 (Tex. App.—Waco 2008, no pet.) ("Evidence of illegal drug use or alcohol abuse by a parent is often cited as conduct which will support an affirmative finding that the parent has engaged in a course of conduct which has the effect of endangering the child."). In addition, the evidence was undisputed that Appellant failed to comply with the provisions of her family service plan. Most notably, she refused to submit to drug tests on several occasions and failed to complete drug treatment. Therefore, the evidence is legally and factually sufficient to support the trial court's finding that Appellant failed to complete her court-ordered service plan. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

As previously noted, only one predicate finding under Section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d at 362. "'If multiple predicate grounds are found by the trial court, we [may] affirm based on any one ground because only one is necessary for termination of parental rights.'" *In re K.W.*, 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.) (quoting *In re D.S.*, 333 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.)). Because we hold the evidence is sufficient to support the trial court's predicate finding under section 161.001(b)(1)(O), we do not address the trial court's other two predicate findings. *See* TEX. R. APP. P. 47.1

## BEST INTEREST

There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, when the court considers factors related to the best interest of the child, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a) (West Supp. 2016). In determining whether a child's parent is willing and able to provide the child with a safe environment, the court should consider: (1) the child's age and physical and mental vulnerabilities; (2) the frequency and nature of out-of-home placements; (3) the magnitude,

frequency, and circumstances of the harm to the child; (4) whether the child has been the victim of repeated harm after the initial report and intervention by the Department; (5) whether the child is fearful of living in or returning to the child's home; (6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home; (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home; (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home; (9) whether the perpetrator of the harm to the child is identified; (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; (12) whether the child's family demonstrates adequate parenting skills; and (13) whether an adequate social support system consisting of an extended family and friends is available to the child. *Id.* at § 263.307(b).

Courts also may apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.*

The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "A best-interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). "A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *Id.*

The evidence showed that the children were in the family home when a police raid was conducted and drugs and guns were found; the children were dirty and the house was filthy. Appellant tested positive for cocaine and marijuana at the time the children were removed, and either tested positive for drugs again or refused to test at all. Appellant refused to cooperate with drug treatment providers, and did not complete the required treatment. The evidence further established that because of her drug use, Appellant failed to maintain significant contact with her children and often missed visits with the children. Therefore, the trial court could have believed Appellant's continued substance abuse rendered her unable to provide a safe environment for the children and showed that she was unable to effect positive environmental and personal changes during the pendency of the case. *See Cervantes-Peterson v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 253-54 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (continued illegal drug use after a child's removal jeopardizes parental rights and may be considered as establishing an endangering course of conduct and that termination is in the best interest of the child).

In contrast, the trial court could have believed the children were currently in a safe environment with the individual seeking custody. *See Holley*, 544 S.W.2d at 372. The children had lived with their paternal great-aunt for eight months, and she wanted to adopt them both. All

witnesses stated that the proposed placement was a safe and loving environment; nevertheless, Appellant threatened to harm her children's caretakers.

Having reviewed the record, we hold the evidence is sufficient to support the trial court's finding that termination was in the children's best interest.

### CONCLUSION

The trial court's order is affirmed.

Rebeca C. Martinez, Justice